| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| FRANCESCO PORTELOS,<br><br>                     Plaintiff,<br><br>          -against-<br><br>CITY OF NEW YORK, NEW YORK CITY<br>POLICE DEPARTMENT DETECTIVE WILLIAM<br>CONNOR, Shield No.1357, JOHN DOES 1 and 2,<br>Shield Nos. Unknown, Tax Registry Nos.<br>Unknown, NEW YORK CITY DEPARTMENT OF<br>EDUCATION, DESMOND WHITE,<br>COURTENAYE JACKSON-CHASE, all<br>individually named defendants in their official and<br>individual capacities,<br><br>                   Defendants. | COMPLAINT<br>(Jury Trial Demanded)<br><br>__ CV__ |
| | |

Plaintiff Francesco Portelos, by his attorneys, GLASS KRAKOWER LLP, as and for his Complaint, alleges as follows:

## <u>INTRODUCTION</u>

1. Mr. Portelos brings this action pursuant to, 42 U.S.C. §1983, to redress the deprivation of his constitutional rights. On the morning of March 10, 2014, Mr. Portelos was arrested by police officers of the New York City Police Department and charged with Official Misconduct based on a satirical blog post he wrote on his website educatorfightsback.org. This arrest was made without probable cause to believe he had committed a crime.

2. Mr. Portelos also brings this action against defendants New York City Department of Education and its employees Desmond White and Courtenaye Jackson-Chase. More specifically, DOE General Counsel Ms. Jackson-Chase, who was previously involved in an ongoing whistleblower case regarding Mr. Portelos, authorized, and initiated a complaint, through Mr. White, that falsely accused Mr. Portelos of committing crimes he did not commit, which triggered and led to his improper arrest and custodial detention. Upon information and belief, these actions were motivated by Mr. Portelos' First Amendment speech regarding matters of public concern.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Mr. Portelos' claim arises under federal law.

4. Pursuant to 28 U.S.C. § 139l (b), venue is proper as the acts complained of occurred in the State of New York, County of Kings.

## PARTIES

5. Mr. Portelos is a citizen of the United States and resides in the State of New York, County of Richmond.

6. Defendant Police Officer William Connor, Shield No. 1357, Tax Registry No. Unknown, was, at all times relevant herein, a member of the New York City Police Department (NYPD). Upon information and belief, at all times relevant herein, he was assigned to the 84th Precinct in Kings County, New York.

7. Upon information and belief, Defendant Connor is still a member of the NYPD. At all times relevant herein, he was acting within the scope of his employment and under color of law.

8. Defendants John Does 1-2 were, upon information and belief, members of the NYPD. Upon further information and belief, at all times relevant herein, they were assigned to the 84th Precinct in Kings County, New York.

9. Upon information and belief, defendants John Does 1-2 are still members of the NYPD and still assigned to the 84th Precinct. At all times relevant herein, they were acting within the scope of their employment and under color of law.

10. Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York, and the Charter of the City of New York. At all times relevant herein, it was the employer of defendants Connor, Jackson-Chase, White and Does 1-2. The individual defendants are sued in their individual and official capacity.

11. Defendant New York City Department of Education (NYCDOE) is also a municipal corporation pursuant to the laws of the State of New York.

12. Defendant Courtenaye Jackson-Chase was, at all times relevant herein, the General Counsel of the NYCDOE and employed by NYCDOE. Upon information and belief, Ms.

Jackson-Chase is a citizen of the State of New York.  She is sued in her individual and official capacity.

13. Defendant Desmond White was, at all times relevant herein, an employee of the New York City Department of Education's Division of Information and Instructional Technology. Upon information and belief, Mr. White is a citizen of the State of New York.  He is sued in his individual and official capacity.

## FACTS UNDERLYING THE COMPLAINT

14. At all times relevant to this Complaint, Mr. Portelos held the position of teacher for the NYCDOE. He began his tenure in September 2007.

15. While Mr. Portelos was a technology teacher at, and parent in the vicinity of, Intermediate School 49 in Staten Island, NY, he became aware of misconduct on the part of school administration.

16. Such misconduct included allegations of financial improprieties and other violations of state education laws and NYCDOE regulations. One allegation in particular was that his school's principal, Linda Hill, was engaged in double-dipping activities simultaneously billing for two separate after school programs. As a result, Mr. Portelos filed reports with the New York City Special Commissioner of Investigation ("SCI"), and also reported complaints to district and central supervisors of the NYCDOE. Principal Hill was ultimately found guilty of the acts alleged by Mr. Portelos.

17. Immediately after reporting such complaints, Mr. Portelos was the target of retaliation by local, district, and central NYCDOE administration.

18. The retaliation Mr. Portelos encountered was in the form of being the subject of investigations, disciplinary letters, sudden poor job performance reviews, reassigned from duties, and placed in an office over twenty miles from his school and home.

19. Mr. Portelos also discussed, via the internet, his concerns with alleged misconduct and the retaliation he was experiencing on his blog, educatorfightsback.org (also known as protectportelos.org).

20. Mr. Portelos was reassigned from his teaching position for over two years, assigned far from his home and original school and had over thirty investigations lodged against him by his former school's administration, as well as central NYCDOE staff.

21. Despite almost all of the investigations against Mr. Portelos being unsubstantiated, the NYCDOE preferred termination charges against him pursuant to New York State Education Law 3020-a.

22. His 3020-a termination hearing consisted of twenty-one hearing days and lasted from September 2013 to February 2014.

23. While awaiting the arbitrator's decision, for his Section 3020-a hearing, Mr. Portelos continued to chronicle issues pertaining to corruption in education on his website and social media. Approximately a week after his hearing had ended, Mr. Portelos wrote a satirical post on his blog called "*How to Hack the DOE Payroll and Give Yourself a Raise.*" He starts off the post by stating how he himself had been barred from accessing his own payroll documents, and how his union informed him that the NYCDOE did this because they were afraid he might "hack the system." In the post, he also mentioned how fellow United Federation of Teachers (UFT) union members had not had a raise in almost five years and, using outlandish computer jargon and completely made up procedures, and in a satirical manner, wrote how UFT members could just log in to the payroll website and give themselves a raise. He also ended with admitting that he did not hack and the steps written in the article were a joke.

24. Mr. Portelos' reassignment and speech regarding corruption in education garnered a lot of media attention and his case was considered a high profile one. Upon information and belief, the NYCDOE was expecting a Section 3020-a decision that would be favorable for Mr. Portelos and would return him to the classroom after a 2 year reassignment. It is believed that in an effort to continue to keep Mr. Portelos out of the classroom, by tying him up in trumped up criminal proceedings, the Defendants orchestrated a plan to have him arrested for his satirical post about giving oneself their own raise.

25. On March 4, 2014, Mr. Portelos received a call from NYPD Detective William Connor of the 84th Precinct. During the call, Mr. Connor indicated that a complaint had been lodged against Mr. Portelos, by NYCDOE Chief Security Officer Desmond White, regarding the "how to hack payroll" blog post. Detective Connor told Mr. Portelos that he needed to "come in and respond" to the complaint.

26. Mr. Portelos contacted representatives of his union at the UFT. The UFT hired attorney Donald Vogelman, Esq. to represent Mr. Portelos. Mr. Vogelman contacted Detective Connor and was informed that in fact Mr. Portelos was to be arrested for the complaint lodged against him by Defendant Desmond White.

27. When Mr. Vogelman contacted Mr. Portelos to inform him of the upcoming arrest, he also indicated that Detective Connor was not yet clear of what Mr. Portelos was being charged with and that Connor had to "contact NYPD and NYCDOE legal." Detective Connor also told Mr. Vogelman that if Mr. Portelos does not surrender himself, he will acquire a warrant and "arrest him in front of his wife and kids." In addition, Detective Connor told attorney Donald Vogelman that Mr. Portelos would simply get a "desk appearance ticket" and be released after approximately four hours.

28. Mr. Portelos surrendered himself at the 84th precinct in Kings County on March 10, 2014 at around 9:00 AM.

29. NYPD officers John Does 1 and 2 placed Mr. Portelos under arrest and subjected him to a search.

30. Mr. Portelos was then placed in a holding cell for approximately thirteen hours. At no point was there any conversation about a "desk appearance ticket." At 10:30 PM, Mr. Portelos was then transported to Kings County Central booking while daisy-chained to other detainees in a van.

31. Mr. Portelos was moved from cell to cell, with other detainees, for the next twenty one hours. Much of his detainment involved him sleeping on the floor next to the open toilet area. He was unlawfully detained for approximately 33 hours when at approximately 7:00 PM on March 11, 2014 he was informed that the Kings County District Attorney had declined to prosecute and he was released pre-arraignment.

32. After his arrest, Mr. Portelos obtained a copy of the Declined Prosecution report from the Kings County District attorney, which states, in relevant part (attached hereto), that: "THE WEBSITE DOES NOT GIVE ANY CREDIBLE INFORMATION AS TO HOW TO GAIN UNAUTHORIZED ACCESS TO THE WEBSITE. THIS IS A PUBLICLY ACCESSIBLE WEBSITE. THE TECHNIQUES LISTED DO NOT WORK. ALMOST All OF THE INFORMATION POSTED COULD EASILY BE GATHERED WITHOUT INTERNAL ACCESS TO THE SITE."

## FIRST CLAIM FOR RELIEF

(Against City of NY and NYPD Defendants – False arrest/False Imprisonment pursuant to 42 U.S.C. Section 1983)

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

34. On March 10, 2014, defendants Connor and John Does 1-2 arrested Mr. Portelos within the meaning of the Fourth Amendment to the United States Constitution.

35. These defendants lacked probable cause to believe that Mr. Portelos had committed any crime. Unfortunately, there are countless websites that indicate "How to" commit some sort of illegal misconduct on the internet and arrests are not made in those scenarios. Even the mainstream media outlet CNN on April 22, 2013 aired a show where they showed how easy it was to build a "cheap and deadly" pressure cooker bomb and no arrests were made. Put simply, Mr. Portelos did not engage in any conduct that warranted his arrest and/or detention, and these defendants knew, or should have known, that he did not engage in any conduct that warranted his arrest and/or detention.

36. As a result of these defendants' conduct, Mr. Portelos was detained, and at all times he knew he was detained. Moreover, Mr. Portelos did not consent to his confinement.

37. Because these defendants lacked probable cause to believe that Mr. Portelos had committed a crime, the arrest and/or seizure of Mr. Portelos was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

38. As a result of his arrest by these defendants, Mr. Portelos has suffered psychological injuries.

## SECOND CLAIM FOR RELIEF

(Against Defendants NYCDOE, Courtenaye Jackson-Chase and Desmond White –First Amendment Retaliation pursuant to 42 U.S.C. Section 1983)

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38, as if fully set forth herein.

40. Defendants, NYCDOE and its employees, Chief Technology Officer White and General Counsel Jackson-Chase falsely accused Mr. Portelos of committing crimes.

41. Defendants White and Jackson-Chase were fully aware of Mr. Portelos' speech concerning alleged misconduct that were matters of public concern. Plaintiff alleges that there was a temporal connection between the speech and the adverse action taken against him and violated his First Amendment. *Id.* at 422-23; *McCullough v. Wyandanch UFSD*, 187 F.3d 272, 280 n.2 (2d Cir.1999) (dictum). But whether circumstantial or direct, "[t]he causal connection must be sufficient to warrant the inference that the protected speech was a substantial motivating factor in the adverse employment action, that is to say, the adverse employment action would not have been taken absent the employee's protected speech." *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir.1999).

42. As a result of their false accusations, Mr. Portelos was arrested.

43. As a result of Jackson-Chase's and White's conduct, Mr. Portelos has suffered psychological harm and other damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Mr. Portelos prays for the following relief:

a.  compensatory damages in an amount to be determined at trial;
b.  punitive damages in an amount to be determined at trial ;
c.  reasonable attorneys' fees;
d.  costs and expenses; and
e.  such other and further relief as is just and proper.

Dated: New York, New York
       February 6, 2017

GLASS KRAKOWER LLP

By:
_____s/_____

Bryan D. Glass, Esq.
100 Church Street, Suite 800
New York, NY 10008
(212) 537-6859

# EXHIBIT A



**OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY**

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000

ERIC GONZALEZ
*Acting District Attorney*

## DECLINED PROSECUTION

Declined date: **March 11, 2014**

Arrest Number: **K14620937**

| | |
|---|---|
| Defendant: | **PORTELOS, FRANCESC** |
| DOB: | **08/05/78** |
| Address: | **101 WARREN STREE, BROOKLYN, NY** |

| | | |
|---|---|---|
| Arrest: | **03/10/14 14:20** | PCT of arrest: **084** |
| Arresting officer: | **WILLIAM CONNOR, TAX ID:** ▮▮▮▮ Shield: **1357, CMD: 301** | |
| Arrest Charges: | **PL 1950001** | |

| | | |
|---|---|---|
| Occurrence: | **02/25/14 8:40** | PCT of occurrence: **084** |
| Location: | **2 METROTECH CENTER** | |

### STATEMENT OF FACTS

A/O IS DET. CONNORS.

DEFENDANT IS AN ADMINISTRATOR FOR NYC BOARD OF ED.
PRIOR TO THE TPO, DEFENDANT SENT SOME EMAILS ASKING WHY HIS ACCESS TO CERTAIN
SYSTEMS WERE REVOKED AND WHO REVOKED THEM.

AT TPO:
DEF POSTED A WEBPAGE TITLED 'HOW TO 'HACK' THE DOE PAYROLL PORTAL AND GIVE YOURSELF A
RAISE', AFTER BEING BROUGHT UP ON ADMINISTRATIVE CHARGES AT THE DEPARTMENT OF
EDUCATION.

**Reason for declined prosecution:**

Insufficient Evidence to Prosecute

**Details:**

THE WEBSITE DOES NOT GIVE ANY CREDIBLE INFORMATION AS TO HOW TO GAIN UNAUTHORIZED ACCESS TO THE WEBSITE.
THIS IS A PUBLICLY ACCESSIBLE WEBSITE. THE TECHNIQUES LISTED DO NOT WORK. ALMOST ALL OF THE INFORMATION
POSTED COULD EASILY BE GATHERED WITHOUT INTERNAL ACCESS TO THE SITE. THERE IS NO INDICATION THAT A
COORDINATED DENIAL OF SERVICE ATTACK OCCURRED AND THERE IS NO EVIDENCE THAT THERE HAS BEEN ANY INCREASE
IN UNAUTHORIZED ACCESS TO THE SITE. FURTHER, THE DEFENDANT HAS NOT THREATENED ANYONE BY EMAIL OR
OTHERWISE, AND THE NUMBER OF EMAILS SENT DO NOT RISE TO THE LEVEL OF HARASSMENT. THEREFORE, THERE IS
INSUFFICIENT EVIDENCE TO PROVE ANY VIOLATION OF A CRIMINAL STATUTE AND THERE IS NO CORROBORATION OF ANY
CRIMINALITY BY THE DEFENDANT.

CASE CONFERENCED W/ JEFF LEVITT, BUREAU CHIEF OF BLUE ZONE.

**Efforts made to reach witness:** SPOKE W/ INFO. TECH. DESMOND WHITE, COUNSEL FOR DOE, INVESTIGATOR BISONIA, AND A/O.

**Instructions to arresting officer:**

RELEASE IF NO HOLDS OR WARRANTS

Signature:

By Assistant District Attorney: screener William Gratton

This instrument will remain on file as part of the record of the Office of the District Attorney of Kings county.

Before re-arrest, please contact the Complaint Room Deputy on duty at (718) 250-3500.                    DA Copy