UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FRANCESCO PORTELOS,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, ET AL.,

                              Defendants.

------------------------------------------------------------------------ x

**RULE 26(F) MEETING REPORT AND JOINT DISCOVERY PLAN**

17-CV-872 (PKC)(LB)

**WHEREAS**, the parties have conferred pursuant to the Court's Order dated June 22, 2017.

**NOW,** therefore, the parties respectfully submit the following Rule 26(f)(3) discovery plan:

**(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

No changes to the form or requirement for 26(a) disclosures are necessary. Plaintiff made initial disclosures on June 24, 2017. Defendants served disclosures on July 3, 2017.

**(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

At this time, the parties do not propose to conduct discovery in phases or to limit or focus discovery. The parties agree that discovery will consist of document discovery and deposition discovery. The parties propose that all fact discovery shall be completed by January 5, 2018.

Plaintiff intends to conduct discovery on the following issues:[1]

---

[1] Plaintiff reserves the right to conduct discovery on other topics as necessitated in the course of discovery.

(1) Plaintiff's factual allegations, legal claims, injuries, and damages; and (2) Information concerning knowledge and history of any witnesses identified by plaintiff

Defendants intend to conduct discovery on the following issues:[2]

(1) The factual allegations, claims and injuries alleged in the complaint: (2) Plaintiff's prior arrests and convictions, if any; (3) Plaintiff's prior bad acts, if any; (4) Any and all conduct of plaintiff or other persons relevant to the incident(s) alleged in plaintiff's complaint; (5) Information concerning knowledge and history of any witnesses identified by plaintiff; and (6) Plaintiff's purported damages.

**(C)** **any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;**

At this time, the parties do not anticipate issues regarding the disclosure or discovery of electronically stored information. However, should any electronically stored information be produced, the parties agree to produce this information in paper format, unless otherwise agreed to by the parties.

**(D)** **any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order;**

At this time, the parties do not have any issues regarding claims of privilege or protection as trial preparation materials.

**(E)** **what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

None.

**(F)** **any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c):**

None at this time.

Dated:	New York, New York
July 3, 2017

---

[2] Defendants reserve the right to conduct discovery on other topics as necessitated in the course of discovery.

| | |
|---|---|
| GLASS KRAKOWER LLP<br>100 Church Street, Ste 800<br>New York, NY 10008<br>(212) 537-6859 | ZACHARY W. CARTER<br>Corporation Counsel of the<br>City of New York<br>*Attorney for Defendants*<br>100 Church Street, Room 3-169<br>New York, New York 10007<br>(212) 356-3513 |
| By: /s/ Bryan D. Glass<br>Bryan D. Glass, Esq.<br>Attorney for Plaintiff | By: /s/ Ben Kuruvilla<br>Ben Kuruvilla, Esq.<br>Senior Counsel |

SO ORDERED:

_____
HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE