UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

FRANCESO PORTELOS,

                        Plaintiffs,

           -against-

CITY OF NEW YORK, et al.,

                      Defendants.

-------------------------------------------------------------------- x

                          **ANSWER TO COMPLAINT**
                    **BY DEFENDANT DESMOND**
                            **WHITE**

                        17 Civ. 872 (PKC) (LB)

                        Jury Trial Demanded

       Defendant Desmond White[1], by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for his answer to the Complaint, dated February 6, 2017, (the "complaint") respectfully:

       1.   Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff has commenced an action as stated therein and admits that plaintiff was arrested on March 10, 2014 and charged with official misconduct.

       2. Denies the allegations set forth paragraph "2" of the complaint, except admits that plaintiff has commenced an action as stated therein

       3.   Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       4.   Denies the allegations set forth paragraph "4" of the complaint, except admits that plaintiff purports to base venue in this district as stated therein.

---

[1] An answer on behalf of defendants The City of New York, New York City Department of Education and Courtenaye Jackson-Chase was filed on May 12, 2017.

5.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admits that, in March 2014, Connor was employed by the City as a police detective.

7.   Denies the allegations set forth in paragraph "7" of the complaint, except state that the allegations regarding "acting in the scope of his employment" and "under color of law" are legal conclusions which do not require any response.

8.   Denies knowledge of information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "8" of the complaint.

9.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except state that the allegations regarding "acting in the scope of his employment" and "under color of law" are legal conclusions which do not require any response.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that the City is a municipal corporation organized pursuant to the laws of the State of New York and respectfully refer the Court and plaintiff to the New York City Charter and the referenced laws for a recitation of their contents and admits that, in March 2014, Connor, Jackson-Chase and White were employed by the City and admits that plaintiff purports to proceed as stated therein.

11. Denies the allegations set forth in paragraph "11" of the complaint, except state that the department of education ("DOE") is a municipal entity organized under the laws of the State of New York.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that, in March 2014, Jackson-Chase was employed by the City as the general counsel of the department of education, admits that she is a citizen of the State of New York and admits that plaintiff purports to proceed as stated therein.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admits that, in March 2014, White was employed by the City at the department of education and admits that plaintiff purports to proceed as stated therein.

14.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.  Denies the allegations set forth in paragraph "17" of the complaint.

18.  Denies the allegations set forth in paragraph "18" of the complaint.

19.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.  Denies knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "22" of the complaint.

23.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint, except admits that plaintiff posted on his blog regarding "How to Hack the DOE Payroll and Give Yourself a Raise".

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except denies the allegations stating that "in an effort to continue to keep Mr. Portelos out of the classroom, by tying him up in trumped up criminal proceedings, the Defendants orchestrated a plan to have him arrested".

25.  Denies the allegations set forth in paragraph "25" of the complaint, except admits that Connor called plaintiff and indicated a complaint had been filed against him regarding his "how to hack payroll" post.

26.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.  Denies the allegations set forth in paragraph "27" of the complaint, except denies knowledge or information regarding what Vogelman told plaintiff.

28.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint, except admits that plaintiff arrived at the 84th precinct on March 10, 2014.

29.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint, except admits that plaintiff was arrested.

30.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding where plaintiff was moved or his sleeping conditions.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint regarding whether or not plaintiff obtained a copy of a Declined Prosecution form and respectfully refers plaintiff and the Court to the Declined Prosecution form for a recitation of its contents.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

## FIRST AFFIRMATIVE DEFENSE

44. The complaint fails to states a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

45. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

46. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

### FOURTH AFFIRMATIVE DEFENSE

47. There was probable cause for plaintiff's arrest.

### FIFTH AFFIRMATIVE DEFENSE

48. Plaintiff failed to mitigate his alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

49.  Punitive damages cannot be assessed against White in his official capacity.

### SEVENTH AFFIRMATIVE DEFENSE

50. Defendant White did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, she is entitled to qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

51. Plaintiff provoked or was at fault for any incident.

**WHEREFORE,** Defendant Desmond White demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      October 6, 2017

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
Attorney for Defendant
DESMOND WHITE
100 Church Street, Room 3-169
New York, New York 10007
(212) 356-3513/(212) 356-3509 (fax)
bkuruvil@law.nyc.gov

By:        /s/ *Ben Kuruvilla*
         Ben Kuruvilla
         Special Federal Litigation Division


TO:    Bryan Glass, Esq.   **Via ECF**
       *Attorney for plaintiff*

- 7 -